Arash Sadat (SBN 279282)
arash@msdlawyers.com
MILLS SADAT DOWLAT LLP
333 South Hope Street, 40th Floor
Telephone: (213) 613-9434

*Attorney for Defendant Empire Imports LLC*

Dean T. Janis (SBN 144791)
dean.janis@janislaw.net
Janis Law Group, APC
600 W. Broadway, Suite 700
Telephone: (619) 814-3525
Facsimile: (619) 764-4100

*Attorney for Defendants SV3 LLC*
*d/b/a Mi-One Brands and*
*Thesy, LLC d/b/a Element Vape*

[Additional Counsel on Signature Page]

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NJOY, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Imiracle (HK) Limited, *et al.*,<br><br>　　　　　　Defendants. | Case No.:  24-cv-0397-BAS-JLB<br><br>DEFENDANTS SV3 LLC'S, THESY, LLC'S, AND EMPIRE IMPORTS LLC'S RESPONSE TO PLAINTIFF'S EX PARTE REQUEST TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY |

1

  Defendants SV3, LLC (d/b/a "Mi-One"), TheSy, LLC (d/b/a "Element Vape"), and Empire Imports LLC, collectively the "Online Retailer Defendants," submit this response to Plaintiff's *ex parte* motion for leave to file notice of supplemental authority. (ECF No. 68.) Plaintiff's motion notifies the Court of only one supplemental authority—*Davidson v. Sprout Foods, Inc.*, No. 22-16656, -- F.4th --, 2024 U.S. App. LEXIS 15777, 2024 WL 3213277 (9th Cir. Jun. 28, 2024) (hereinafter, "*Davidson*").

  Plaintiff says, "The Ninth Circuit's decision in *Davidson* further demonstrates that Plaintiff's claims under the UCL based on violations of California's flavor ban are not preempted by the FDCA." (ECF No. 68 at 2). The Online Retailer Defendants, however, have not argued that the FDCA preempts Plaintiff's UCL claims to the extent that those claims are based solely on alleged violations of California's flavor ban. Rather, the Online Retailer Defendants have argued that the FDCA preempts Plaintiff's UCL claims to the extent those claims are based on alleged violations of the FDCA. (*See* ECF No. 63, Online Retailer Defendants' Joint Response to the Court's May 24, 2024, Order Requesting Supplemental Briefing).

  *Davidson* does nothing to change the preemption analysis with respect to Plaintiff's claims in the case *sub judice*. In *Davidson*, the Ninth Circuit held that the FDCA provision that gives the federal government the exclusive authority to enforce the FDCA, 21 U.S.C. § 337(a), does not preempt UCL claims based on an alleged violation of California's "analog" to the FDCA, the "Sherman Law," when the Sherman Law provision at issue simply adopts federal law. *See* Cal. Health & Safety Code § 110100(a) ("All food labeling regulations and any amendments to those regulations adopted pursuant to the [FDCA], in effect on January 1, 1993, or adopted on or after that date shall be the food labeling regulations of this state.").

  In its 2-1 decision, the Ninth Circuit reasoned that 21 U.S.C. § 337(a) does not preempt such Sherman Law claims because those claims seek to enforce only state law, not federal law. *See Davidson*, 2024 U.S. App. LEXIS *18 ("We therefore hold that the FDCA does not impliedly preempt plaintiff's Sherman Law claims. Because the Sherman

2

Law incorporates federal standards, the state requirements at issue are identical to their federal counterparts, and thus permitted by [the FDCA].")."  But here, Plaintiff's UCL claims are not based on a state law that adopts or incorporates by reference the FDCA. California law prohibits the sale of flavored vapor products at retail locations, but that state law is neither an analogue to the FDCA nor does it adopt federal standards. In short, *Davidson* is not informative on the issue of preemption in this case.

Dated: July 16, 2024

Respectfully submitted,

THOMPSON HINE LLP

By:   /s/ Eric N. Heyer
Eric N. Heyer (admitted *pro hac vice*, D.C. Bar 500095)
eric.heyer@thompsonhine.com
James C. Fraser (admitted *pro hac vice,* D.C. Bar 460303)
james.fraser@thompsonhine.com
1919 M Street, N.W., Suite 700
Washington, DC 20036
Telephone: (202) 973-2730
Facsimile: (202) 331-8330

*Attorneys for Defendants Empire Imports LLC, SV3 LLC d/b/a Mi-One Brands, and Thesy, LLC d/b/a Element Vape*

Arash Sadat (SBN 279282)
arash@mslawyers.com
Mills Sadat Dowlat LLP
333 South Hope Street, 40th Floor
Telephone: (213) 613-9434

*Attorneys for Defendant Empire Imports LLC*

Dean T. Janis (SBN 144791)
dean.janis@janislaw.net
Janis Law Group, APC
600 W. Broadway, Suite 700
Telephone: (619) 814-3525
Facsimile: (619) 764-4100

*Attorney for Defendants SV3 LLC d/b/a Mi-One Brands and Thesy, LLC d/b/a Element Vape*

## CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2024, I caused a true and correct copy of the foregoing document to be electronically filed with the Clerk via the Court's ECM/ECF system and thereby electronically served on all counsel of record.

    /s/ Eric N. Heyer
Eric N. Heyer (admitted *pro hac vice*, D.C. Bar 500095)
eric.heyer@thompsonhine.com
Thompson Hine LLP
1919 M Street, N.W., Suite 700
Washington, DC 20036
Telephone: (202) 263-4128
Facsimile: (202) 331-8330

*Attorney for Defendants Empire Imports LLC, SV3 LLC d/b/a Mi-One Brands, and Thesy, LLC d/b/a Element Vape*