**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

NJOY, LLC,

                                    Plaintiff,

     v.

IMIRACLE (HK) LTD., *et al.*,

                                    Defendants.

Case No. 24-cv-00397-BAS-JLB

**ORDER:**
    **(1)** **DENYING PLAINTIFF'S *EX PARTE* REQUEST TO FILE NOTICE OF SUPPLEMENTAL AUTHORITY (ECF No. 68);**
    **(2)** **REQUIRING BRICK-AND-MORTAR DEFENDANTS REPLY TO PLAINTIFF'S MOTION TO SEAL (ECF No. 102); AND**
    **(3)** **GRANTING PLAINTIFF'S APPLICATION FOR LEAVE TO FILE SURREPLY (ECF No. 104)**

      Pending before the Court is Plaintiff NJOY, LLC's *Ex Parte* Request to File a Notice of Supplemental Authority (ECF No. 68) in support of its Supplemental Brief in Response to the Court's May 24, 2024, Order (ECF No. 61). The proposed supplemental authority is the Ninth Circuit's decision in *Davidson v. Sprout Foods, Inc.*, 106 F.4th 842 (9th Cir. June 28, 2024), which NJOY contends is relevant to an FDCA preemption analysis for California's Unfair Competition Law ("UCL") claims based on alleged violations of

- 1 -

California's flavor ban, California Health & Safety Code § 104559.5(b)(1).  (ECF No. 68 at 2:21–23.)

Online Retailer Defendants—SV3 LLC, TheSy, LLC, and Empire Imports LLC—have filed a response contesting the relevance of *Davidson*, clarifying that they are not asserting FDCA preemption of UCL claims based solely on California's flavor ban. Instead, they maintain that the FDCA preempts UCL claims to the extent NJOY alleges violations of the FDCA itself.  (ECF No. 69 at 2: 12–13.)  Specifically, Online Retailer Defendants' FDCA preemption argument is limited to claims asserting that they had an obligation to disclose FDA warning letters and alleged violations of FDA regulatory requirements.  (ECF No. 63 at 4:13–16, 6:11–15, 7:3–6.)

Given that NJOY's request aimed to demonstrate that UCL claims based on violations of California's flavor ban are not preempted by the FDCA, and because the Online Retailer Defendants are not raising a preemption argument regarding these UCL claims, the Court finds no basis to reopen briefing.  Accordingly, the Court **DENIES** Plaintiff's *Ex Parte* Request to File Notice of Supplemental Authority.  (ECF No. 68.)

Additionally, before the Court is NJOY's *Ex Parte* Application for Leave to File Surreply in Support of its Motion for Preliminary Injunction ("*Ex Parte* Application"). (ECF No. 104.)  In its *Ex Parte* Application, NJOY submits that new evidence has surfaced indicating Brick-and-Mortar Defendants—Aroma Avenue Vape Shop, Cigarettes N More, Cloudhaven Vapors, Inc., and Z Vapor Room—continue to violate California's flavor ban, which prohibits the retail sale and possession of flavored tobacco products with the intent to sell or offer them for sale.  NJOY contends this ongoing violation further strengthens the grounds for the motion for a preliminary injunction, which Brick-and-Mortar Defendants oppose.  (ECF No. 41.)  Brick-and-Mortar Defendants oppose the request to file surreply.  (ECF No. 105.)  In conjunction with its *Ex Parte* Application, NJOY has filed a Motion to Seal, requesting that certain portions of the *Ex Parte* Application be filed under seal.  (ECF No. 102.)

24cv0397

For the reasons herein, the Court **ORDERS** Brick-and-Mortar Defendants to reply to Plaintiff's Motion to Seal (ECF No. 102) and **GRANTS** Plaintiff's *Ex Parte* Application for Leave to File Surreply in Support of its Motion for Preliminary Injunction (ECF No. 104).

## I. LEGAL STANDARDS

### A. Leave to File Surreply

Courts generally view motions for leave to file a surreply with disfavor. *Hill v. England*, No. CVF05869RECTAG, 2005 WL 3031136, at * 1 (E.D. Cal. Nov. 8, 2005) (citing *Fedrick v. Mercedes-Benz USA, LLC*, 366 F. Supp. 2d 1190, 1197 (N.D. Ga. 2005)). However, permitting the filing of a surreply is within the discretion of the district court. *Schmidt v. Shah*, 696 F. Supp. 2d 44, 60 (D.D.C. 2010). "Although the court in its discretion [may] allow the filing of a sur-reply, this discretion should be exercised in favor of allowing a surreply only where a valid reason for such additional briefing exists." *Johnson v. Wennes*, No. 08-cv-1798, 2009 WL 1161620, at *2 (S.D. Cal. Apr. 28, 2009).

### B. Motion to Seal

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden

depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. For instance, an action's complaint, and its associated exhibits, are more than tangentially related to the merits of the case. *Id.* at 1098. Similarly, a party's opposition to a motion to dismiss is more than tangentially related to the merits of the case. *Id.*

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business information, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179. A blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. Dist. Ct., N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's standing order for filing documents under seal. *See* Standing Order of

the Hon. Cynthia Bashant for Civil Cases ¶5.  The rule permits sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.*  Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact.  *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11-cv-00410-YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## II. ANALYSIS

### A. Leave to File Surreply

NJOY contends that the newly obtained information from Brick-and-Mortar Defendants provides relevant details that were unavailable when initially filing its motion for a preliminary injunction and supporting reply.  (ECF No. 104 at 2:9–11.)  NJOY argues this evidence shows that Brick-and-Mortar Defendants are in violation of California law, specifically Cal. Health & Safety Code § 104559.5(b)(1), which prohibits the sale of flavored tobacco products and bars retailers from possessing such products with the intent to sell or offer them for sale.  (ECF No. 104-1 at 3:10–14.)  Further, they maintain that the new evidence supports Plaintiff's arguments for a preliminary injunction and would assist the Court in its evaluation of the motion.  (ECF No. 104 at 2:9–15.)

Brick-and-Mortar Defendants argue that NJOY lacks standing under the UCL because it does not sell flavored vape products in California.  (ECF No. 105 at 2:8–9.)  As such, they argue NJOY's *Ex Parte* Application should be denied, asserting it remains untimely and NJOY's lack of standing has not changed.  (*Id.* at 2:16–17.)

After reviewing and considering the request, the Court finds a valid reason to grant NJOY's request to file a surreply.  Specifically, NJOY has presented substantial new evidence obtained through discovery, which was not available at the time of filing its initial motion for a preliminary injunction.  This evidence comes directly from Brick-and-Mortar Defendants and may suggest ongoing violations of California law, which potentially impact NJOY and the public interest.  As such, the Court grants Plaintiff's *Ex Parte*

24cv0397

Application for Leave to File Surreply in Support of its Motion for Preliminary Injunction. (ECF No. 104.)

**B. Motion to Seal**

NJOY seeks to file under seal specific portions of its *Ex Parte* Application, including sections of the proposed Surreply and exhibits attached as Exhibit A. (ECF No. 102.) These sections contain information designated as confidential by Brick-and-Mortar Defendants under the Court's Protective Order. (ECF No. 88.) Accordingly, NJOY moves to seal the following portions of Exhibit A, which includes selected lines from the proposed surreply and the following exhibits:

- Surreply: lines 2:5–6; 2:8–10; 2:16–24; 3:1–19; 3:14–17; and footnote 2

- Exhibits: 1, 2, 3, 4, and 5 in their entirety

First, the Court recognizes that Plaintiff's *Ex Parte* Application is more than tangentially related to the merits of the case. "Particularly relevant here, a motion for preliminary injunction frequently requires the court to address the merits of a case, which often includes the presentation of substantial evidence." *Ctr. for Auto Safety*, 809 F.3d at 1099 (citing *Stormans v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009)). Thus, the "compelling reasons" standard applies.

Moreover, the Court finds there are not sufficient compelling reasons to seal the proposed portions of the Surreply and exhibits in support of NJOY's *Ex Parte* Application, as the public interest in access to materials that the Court will rely on in its decision-making process outweighs the justification provided for sealing them. Additionally, Brick-and-Mortar Defendants have failed to adhere to procedural requirements. The Court's standing order notes: "[t]he fact that both sides agree to seal a document or that a stipulated protective order was issued is insufficient cause for sealing." Standing Order § 5.a. "Parties often seek to seal a document only because another party designated the document as sensitive under a protective order . . . [i]n these circumstances, the moving party must first meet and confer with the designating party to determine whether the designating party maintains that any portion of the documents must be filed under seal." *Id.* § 5.a.

Accordingly, NJOY reached out to Brick-and-Mortar Defendants, the designating party, on October 2, 2024, prior to filing an application to file under seal. (ECF No. 102 at 3:22–25.) This was done to obtain their legal rationale for labeling certain information as "Confidential" and requesting it be sealed. Per NJOY, counsel for Brick-and-Mortar Defendants responded: "[NJOY's] sole cause of action against [the Brick-and-Mortar Defendants] is unfair competition. [NJOY's] claim if the motion to dismiss survives is essentially that the [Brick-and-Mortar Defendants] are taking away sales or market share from [NJOY]. Therefore, the sales records of [the Brick-and-Mortar Defendants], their distributors, their sales volume and the and other documents are trade secrets so as not to be shared with [NJOY] or the public." (ECF No. 102 at 3:27–4:4.)

However, Brick-and-Mortar Defendants' response is insufficient. The Court's standing order notes: "the designating party must file a response to the sealing motion within **seven days** that satisfies the sealing standard . . . If no response is filed, the Court may order that the document be filed in the public records." Standing Order § 5.b. Brick-and-Mortar Defendants have failed to meet this requirement.

At the same time, the Court recognizes that sensitive business information may be subject to sealing under the compelling reasons standard. *See Fed. Trade Comm'n v. Qualcomm, Inc.*, No. 17-cv-00220-LHK, 2019 WL 95922, at *2 (N.D. Cal. Jan. 3, 2019) (finding compelling reasons for "information that, if published, may harm [a party's] or third parties' competitive standing and divulges terms of confidential contracts, contract negotiations, or trade secrets"). The specified lines in the proposed Surreply, along with the exhibits attached as Exhibit A, contain sales and purchase records that include sensitive information on pricing, sales volumes, and profit details or references to such data. However, while some of this information may indeed be commercially sensitive, Plaintiff's proposed redactions are overbroad, as they extend to information beyond what is necessary to protect confidential business interests.

Therefore, the Court orders Brick-and-Mortar Defendants to respond to Plaintiff's Motion to Seal and propose more narrowly tailored redactions.

24cv0397

**III. CONCLUSION**

For the foregoing reasons, the Court **ORDERS** Brick-and-Mortar Defendants to respond to Plaintiff's Motion to Seal (ECF No. 102). The Court grants the Brick-and-Mortar Defendants the opportunity to file a response demonstrating that the documents meet the compelling reasons standard and proposing a narrowly tailored redacted version to protect sensitive information, such as pricing, volume, and profit terms, or other information that could harm their competitive standing. If the Defendants fail to provide a sufficient response, NJOY may file the documents publicly on the docket. Further, as required by this Court's standing order, Defendants must support their response with a declaration from a competent witness. Any response must be filed no later than **November 22, 2024.**

Moreover, the Court **GRANTS** Plaintiff's *Ex Parte* Application for Leave to File a Surreply in Support of its Motion for Preliminary Injunction (ECF No. 104). After reviewing the Brick-and-Mortar Defendants' response to NJOY's motion to seal, the Court will set a deadline for NJOY to file its surreply. The Court will also establish a deadline for Brick-and-Mortar Defendants to file a response, should they choose to do so.

Finally, given that Online Retailer Defendants are not raising a preemption argument regarding the UCL claims based on California's flavor ban, the Court finds no basis to reopen briefing. Accordingly, the Court **DENIES** Plaintiff's *Ex Parte* Request to File a Notice of Supplemental Authority. (ECF No. 68.)

**IT IS SO ORDERED.**

**DATED: November 13, 2024**

Hon. Cynthia Bashant
United States District Judge

24cv0397