John C. Massaro (*admitted pro hac vice*)
(DC Bar No. 441194)
David E. Kouba (*admitted pro hac vice*)
(DC Bar No. 483145)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
John.Massaro@arnoldporter.com
David.Kouba@arnoldporter.com

David J. Noonan (SBN 55966)
NOONAN LANCE BOYER & BANACH LLP
701 Island Avenue, Ste. 400
San Diego, CA 92101
Telephone: 619-780-0880
Facsimile:  619-780-0877

*Attorneys for Plaintiff NJOY, LLC*

*[Additional Counsel on Signature Page]*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NJOY, LLC,<br><br>    *Plaintiff,*<br><br>v.<br><br>Imiracle (HK) Limited, *et al.*,<br><br>    *Defendants.* | Case No. 3:24-cv-397-BAS-JLB<br><br>**JOINT MOTION FOR ENTRY OF FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>Judge: Hon. Cynthia A. Bashant<br>Courtroom: 12B |

Plaintiff NJOY, LLC ("Plaintiff") and Defendants Avenue Vape Shop, Cigarettes N More, Cloudhaven Vapors, Inc., and Z Vapor Room (collectively "Brick-and-Mortar Defendants"), by and through their counsel of record, hereby submit this Joint Motion for Entry of Final Judgment and Permanent Injunction per the following:

WHEREAS, Plaintiff filed this action on February 28, 2024, against the Brick-and-Mortar Defendants, along with other Defendants that are not subject to this Joint Motion for Entry of Final Judgment and Permanent Injunction;

WHEREAS, Plaintiff brings claims against the Brick-and-Mortar Defendants under the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, ("UCL");

WHEREAS, Plaintiff alleges that the Brick-and-Mortar Defendants violated the UCL by marketing, distributing, and/or selling Elf Bar Products to other Defendants and other tobacco retailers that "sell, offer for sale, or possess with the intent to sell or offer for sale" flavored disposable vapor products in violation of Cal. Health & Safety Code § 104559.5(b)(1);

WHEREAS, effective January 1, 2025, California's Revenue and Taxation Code section 30101.7 was amended to provide that delivery sellers must comply with all "applicable state laws or local ordinances that impose[] restrictions on the retail sale of cigarettes or tobacco products directly to the public from a retail location . . . as if the delivery sales occurred entirely within the state and place," thereby extending Cal. Health & Safety Code § 104559.5(b)(1) to "delivery sales" of flavored vapor products;

WHEREAS, the Brick-and-Mortar Defendants have denied and continue to deny any wrongdoing and any liability in connection with the marketing, distribution, or sale of vapor products;

WHEREAS, on December 20, 2024, the Court entered an Order in the Action enjoining the Brick-and-Mortar Defendants and their "officers, directors, agents, employees, and any persons or entities acting in concert with them, from selling Elf Bar Products and other flavored disposable vaping devices ('FDVs') within California," *see* ECF No., 148;

WHEREAS, the Brick-and-Mortar Defendants represent that they are in full compliance with the Court's December 20, 2024 Order in that they and their "officers, directors, agents, employees, and any persons or entities acting in concert with them" are not selling Elf Bar Products and other flavored disposable vaping devices ('FDVs') within California," *see* ECF No. 148;

WHEREAS, the Brick-and-Mortar Defendants represent that it have not marketed, distributed, or sold Elf Bar Products or any flavored disposable products (as defined below) that are at issue in the Action to any entity other than individual consumers and have not knowingly sold to any California retailers, distributors, delivery sellers, or wholesalers (as defined below);

WHEREAS, Defendants Aroma Avenue Vape Shop, Cloudhaven Vapors, Inc. and Z Vapor Room represent that they are no longer in business;

WHEREAS, Plaintiff and the Brick-and-Mortar Defendants have met, conferred and negotiated in good faith and have reached an agreement to resolve the claims against the Brick-and-Mortar Defendants without further litigation whereby:

1. Plaintiff and the Brick-and-Mortar Defendants consent to the entry of the Judgment by the Court for the purposes of settlement only, without any admission by any party, and without trial or finding of any issue of fact or law;

2. So long as the relevant terms of Health & Safety Code § 104559.5(b)(1) and Revenue and Taxation Code § 30101.7 remain in effect, the Brick-and-Mortar Defendants and each and all of their directors, officers, agents,

employees, representatives, successors, assigns, and any and all persons in active concert or participation with any of them who have received actual notice of this Final Judgment and Permanent Injunction by personal service or otherwise, shall be permanently restrained and enjoined from engaging in conduct that violates the Health & Safety Code § 104559.5(b)(1) and Revenue and Taxation Code § 30101.7 or aids, abets, or otherwise facilitates a violation of Health & Safety Code § 104559.5(b)(1) and Revenue and Taxation Code § 30101.7, including specifically:

a. Selling or offering for sale[1] any flavored disposable vapor product[2] at a Retail Location[3] in California or through a Delivery Sale;

b. Selling or offering for sale any flavored disposable vapor product through a Delivery Sale[4]; or

c. Selling or offering for sale any flavored disposable vapor product to any Tobacco Retailer[5], Delivery Seller[6], Distributor, or Wholesaler.

---

[1] "Sale" shall have the meaning provided in Cal. Health & Safety Code § 104559.5.

[2] "Flavored disposable vapor product" shall mean any electronic nicotine delivery system, including but not limited to e-cigarettes, personal vaporizers, vape pens, e-cigars, e-hookahs, vaping devices, mod systems, nicotine e-liquids or pod systems, or any other product that heats a nicotine-containing solution to produce an aerosol that contains nicotine that is inhaled by the user that uses an e-liquid that contains a constituent that imparts a characterizing flavor and which is disposable and discarded after the e-liquid in the device is depleted. "Characterizing flavor" shall have the meaning provided in Cal. Health & Safety Code § 104559.5.

[3] "Retail Location" shall have the meaning provided in Cal. Health & Safety Code § 104559.5.

[4] "Delivery Sale" shall have the meaning provided in Cal. Revenue and Taxation Code section 30101.7.

[5] "Tobacco Retailer" shall have the meaning provided in Cal. Health & Safety Code § 104559.5.

[6] "Delivery Seller" shall have the meaning provided in Cal. Revenue and Taxation Code section 30101.7.

WHEREAS, the Proposed Final Judgment and Preliminary Injunction attached hereto as Exhibit A is the product of a negotiated agreement between Plaintiff and the Brick-and-Mortar Defendants to resolve and settle the claims raised by Plaintiff against the Brick-and-Mortar Defendants; and

WHEREAS, the Plaintiff and the Brick-and-Mortar Defendants agreed to jointly move the Court to enter the Proposed Final Judgment and Permanent Injunction attached as Exhibit A as part of this negotiated agreement;

Plaintiff and the Brick-and-Mortar Defendants respectfully request that the Court enter the Proposed Final Judgment and Preliminary Injunction attached hereto as Exhibit A.

Dated: April 17, 2025                    ARNOLD & PORTER KAYE SCHOLER LLP

By: *s/ Lauren S. Wulfe* [7]

John C. Massaro (*admitted pro hac vice*) (DC Bar No. 441194)
David E. Kouba (*admitted pro hac vice*) (DC Bar No. 483145)
ARNOLD & PORTER KAYE SCHOLER LLP
601 Massachusetts Ave, NW
Washington, DC 20001
John.Massaro@arnoldporter.com
David.Kouba@arnoldporter.com

Paul W. Rodney (*admitted pro hac vice*) (Colorado Bar No. 41951)
ARNOLD & PORTER KAYE SCHOLER LLP
1144 15th Street, Suite 3100
Denver, CO 80202
Paul.Rodney@arnoldporter.com

---

[7] Pursuant to Electronic Case Filing Administrative Policies and Procedures Manual Section 2(f)(4), the filer attests that all other signatories listed and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

| | |
|---|---|
| 1 | Lauren S. Wulfe (SBN 287592) |
| 2 | Kristina Iliopoulos (SBN 341548) |
| | ARNOLD & PORTER KAYE SCHOLER LLP |
| 3 | 777 South Figueroa Street, Forty-Fourth Floor |
| 4 | Los Angeles, California 90017 |
| | Lauren.Wulfe@arnoldporter.com |
| 5 | Kristina.Iliopoulos@arnoldporter.com |
| 6 | |
| 7 | David J. Noonan (SBN 55966) |
| | NOONAN LANCE BOYER & BANACH LLP |
| 8 | 701 Island Avenue, Ste. 400 |
| | San Diego, CA 92101 |

*Attorneys for Plaintiff NJOY, LLC*

By: *s/ Scott E. Schutzman*
    Scott E. Schutzman

Law Offices of Scott E. Schutzman
19671 Beach Blvd., Suite 430
Huntington Beach, CA 92648
Tel: 714-374-0099
Fax: 714-374-0104
Email: schutzy@msn.com

*Attorney for Defendants Aroma Avenue Vape Shop, Cigarettes N More, Cloudhaven Vapors, Inc. and Z Vapor Room*