**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NJOY, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>IMIRACLE (HK) LTD., *et al.*,<br><br>  Defendants. | Case No. 24-cv-00397-BAS-JLB<br><br>**ORDER:**<br><br>**(1) TERMINATING AS MOOT MOTION TO DISMISS BY GUANGDONG QISITECH CO., LTD. (ECF No. 143); AND**<br><br>**(2) GRANTING MOTION TO SERVE DEFENDANT SHENZHEN HAN TECHNOLOGY CO., LTD. BY EMAIL (ECF No. 179)** |

Before the Court are two motions: (1) Defendant Guangdong Qisitech Co., Ltd.'s ("Guangdong") Motion to Dismiss and Joinder (ECF No. 143); and (2) Plaintiff NJOY, LLC's ("NJOY") Renewed Motion for Leave to Serve Defendant Shenzhen Han Technology Co., Ltd. ("Shenzhen Han") by Email pursuant to Federal Rule of Civil Procedure 4(f)(3). (ECF No. 179.) NJOY contends that, despite diligent efforts, it has been unable to effectuate service on Shenzhen Han through the Hague Convention and seeks authorization to serve via an email address listed on the company's website. (ECF

- 1 -

24cv0397

No. 179 at 1:9–2:10.)  For the reasons discussed below, the Court **GRANTS** NJOY's Motion for Alternative Service. (ECF No. 179.)

Furthermore, in light of NJOY's voluntary dismissal without prejudice of all claims against Guangdong (ECF No. 158), the Court **TERMINATES AS MOOT** Guangdong's Motion to Dismiss and Joinder (ECF No. 143).

## I.   BACKGROUND

NJOY initiated this action to halt the alleged unlawful distribution of flavored disposable vapor devices ("FDVs") by multiple foreign and domestic defendants. (Compl., ECF No. 1 ¶ 1.)  NJOY alleges that Shenzhen Han, a China-based entity, manufactures and distributes FDVs—including products marketed under the "Elf Bar" brand—in violation of California law. (*Id.* ¶¶ 2–4, 51.)  After filing its complaint, NJOY sought leave to serve the six foreign Defendants via email pursuant to Rule 4(f)(3). (ECF No. 24.)  The Court denied that motion without prejudice and directed NJOY to first attempt service through the Hague Convention. (ECF No. 42 at 5:21–24.)

Following the Court's directive, NJOY retained a Hague Convention service vendor and initiated formal service on the foreign defendants, including Shenzhen Han. (Iliopoulos Decl. ¶¶ 5–6, ECF No. 179-2; Ingalls Decl. ¶¶ 3, 8–10, ECF No. 179-3.)  While service was successful as to some entities, Chinese authorities advised that service on Shenzhen Han had failed due to an invalid physical address and would not be reattempted. (Iliopoulos Decl. ¶¶ 7–8; Ingalls Decl. ¶¶ 10–14.)  NJOY contends it has been unable to identify a valid alternative physical address. (Iliopoulos Decl. ¶ 9.)  Consequently, NJOY renewed its motion for alternative service, seeking leave to serve Shenzhen Han via an email address listed on the company's public-facing website—an email address NJOY asserts is used for consumer communication and previously accepted counsel's messages without any delivery error. (*Id.* ¶¶ 10–13, Exs. 1–3.)

## II.   LEGAL STANDARD

Under Rule 4(f), a plaintiff may serve foreign corporations in three different ways: (1) by any internationally agreed means of service reasonably calculated to give notice,

such as those means authorized by the Hague Convention; (2) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction or as directed by the foreign authority in response to a letter rogatory or a letter of request; or (3) by other means not prohibited by international agreement, as the court orders.  Fed. R. Civ. P. 4(f).

## III. ANALYSIS

To authorize alternative service under Rule 4(f)(3), the Court must find that (1) the proposed method does not violate an international agreement; (2) it satisfies due process; and (3) it is necessary under the present circumstances.  *See Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1014–17 (9th Cir. 2002).

### A. International Agreement

Service by email is a permissible means of alternative service where it does not violate an international agreement.  *Id.* at 1014.  The Hague Convention governs service in China, which is a signatory.  *Juicero, Inc. v. Itaste Co.*, No. 17-cv-1921-BLF, 2017 WL 3996196, at *2 (N.D. Cal. June 5, 2017).  However, the Hague Convention does not expressly forbid service by email, and Courts in this Circuit have repeatedly held that email service does not violate the Hague Convention and have granted motions permitting it.  *See, e.g.*, *Liberty Media Holdings, LLC v. March*, No. 10cv1809 WQH (BLM), 2011 WL 197838, at *2 (S.D. Cal. Jan. 20, 2011); *see also Williams-Sonoma, Inc. v. Friendfinder Inc.*, No. C 06-06572 JSW, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007).  Accordingly, NJOY's proposed method of service via email is not precluded by international agreement.

### B. Due Process

NJOY seeks to serve Shenzhen Han via the email address support@lostmaryofficialsite.com, which is displayed on the company's public-facing website as a point of contact for consumers.  (Iliopoulos Decl. ¶ 11.)  Nonetheless, even where a method is facially permissible under Rule 4(f)(3), the method "must also comport with constitutional notions of due process" and be "reasonably calculated" to provide

notice to the relevant party. *Rio Props.*, 284 F.3d at 1016–17 (quoting *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 318 (1950)). Courts have held that email satisfies due process where the address is regularly used for business. *Juicero*, 2017 WL 3996196, at *3.

Here, Shenzhen Han is engaged in the manufacture and distribution of Elf Bar-branded products for sale in the United States and maintains a public website, providing an email for parties seeking to contact it. (Iliopoulos Decl. ¶ 11, Ex. 1.) Plaintiff's counsel transmitted service documents to the proposed email without receiving any bounce-back or delivery failure notification, supporting the conclusion that the email is active. (*Id.* ¶¶ 12–13, Exs. 2, 3.) NJOY further contends that the website hosting this email address is central to Shenzhen Han's commercial operations, as it serves both as a platform for product sales and information, and the email address is the only known means of directly contacting the company. (*Id.* ¶¶ 9–10.) Under these circumstances, the proposed method of service via email is reasonably calculated to provide Shenzhen Han with notice and an opportunity to respond, and thus satisfies the requirements of due process.

### C.     Necessity

It is within "the sound discretion of the district court . . . [to] determin[e] when the particularities and necessities of a given case require alternative service of process under Rule 4(f)(3)." *Rio Props.*, 284 F.3d at 1016. "District courts have used their discretionary powers to determine circumstances where 'necessity' is met." *Leo Middle E. FZE v. Zhang*, No. 21-CV-03985-CRB, 2021 WL 11593016, at *5 (N.D. Cal. Nov. 2, 2021). Such circumstances include instances where the plaintiff has shown an "inability to serve an elusive international defendant." *Rio Props.*, 284 F.3d at 1016.

Here, Plaintiff has made diligent but unsuccessful attempts to serve Shenzhen Han through the Hague Convention, as previously ordered by the Court. (Iliopoulos Decl. ¶¶ 4–9; Ingalls Decl. ¶¶ 8–14, Exs. 1–3.) Despite initiating service under the Hague Convention on June 4, 2024, and utilizing Crowe Foreign Services, a professional service vendor, NJOY was notified on November 13, 2024, that service had failed due to an invalid

physical address and would not be reattempted by Chinese authorities. (Iliopoulos Decl. ¶¶ 6–7; Ingalls Decl. ¶ 13.) Plaintiff contends it has been unable to locate an alternate physical address for Shenzhen Han, rendering further attempts under the Hague Convention impracticable. (Iliopoulos Decl. ¶ 9.) Furthermore, Courts recognize that service in China under the Hague Convention can be exceedingly slow, often taking six months to over a year, and may still fail. *See, e.g.*, *Sec. & Exch. Comm'n v. China Sky One Med., Inc.*, No. CV 12-07543–MWF (MANx), 2013 WL 12314508, at *1 (C.D. Cal. Aug. 20, 2013) (noting an estimate of six months or longer for service in China).

In light of Plaintiff's documented efforts to comply with the Court's directive to pursue service through the Hague Convention, authorizing alternative service by email is necessary to avoid further delay and to ensure that Shenzhen Han receives timely and effective notice of this action.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that service by email on Shenzhen Han satisfies the requirements of Federal Rule of Civil Procedure 4(f)(3). The proposed method of service is not prohibited by international agreement, comports with due process, and is necessary given the circumstances. Accordingly, the Court **GRANTS** NJOY's Renewed Motion for Leave to Serve Shenzhen by Email. (ECF No. 179.)

NJOY may serve this Order, the Summons, and Complaint on Shenzhen Han by sending email messages, return receipt requested, to the email address listed on Shenzhen Han's public-facing website: support@lostmaryofficialsite.com. NJOY must serve Shenzhen Han and file proof of service on or before **May 16, 2025**.

Additionally, because NJOY has voluntarily dismissed all claims against Guangdong (ECF No. 158), the Court **TERMINATES AS MOOT** Guangdong's Motion to Dismiss and Joinder (ECF No. 143).

**IT IS SO ORDERED.**

**DATED: May 2, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court