UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NJOY, LLC,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>IMIRACLE (HK) LTD., *et al.*,<br><br>　　　　　　　Defendants. | Case No. 24-cv-00397-BAS-JLB<br><br>**ORDER:**<br><br>**(1) DENYING THE BRICK-AND-MORTAR RETAILER DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS (ECF No. 156);**<br><br>**(2) GRANTING JOINT MOTION FOR JUDGMENT AND PERMANENT INJUNCTION AS TO THE BRICK-AND-MORTAR RETAILER DEFENDANTS (ECF No. 184); AND**<br><br>**(3) GRANTING PLAINTIFF NJOY'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT (ECF No. 191)** |

Presently before the Court are three motions in this dispute concerning the distribution of flavored disposable vapor devices. First, Defendants Aroma Avenue Vape

Shop; Cigarettes N More; Cloudhaven Vapors, Inc.; and Z Vapor Room ("Brick-and-Mortar Retailer Defendants") move for judgment on the pleadings. (ECF No. 156.) Second, Plaintiff NJOY, LLC and the Brick-and-Mortar Retailer Defendants jointly move for entry of a permanent injunction and judgment as to these Defendants. (ECF No. 184.) Finally, NJOY moves for leave to file a First Amended Complaint. (ECF No. 191.)

The Court finds these matters suitable for determination on the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **DENIES** the Motion for Judgment on the Pleadings, **GRANTS** the Joint Motion for Entry of Permanent Injunction and Judgment, and **GRANTS** the Motion for Leave to File First Amended Complaint.

## JUDGMENT ON THE PLEADINGS

The Brick-and-Mortar Retailer Defendants move for judgment on the pleadings. (ECF No. 156.) They argue the Complaint fails to adequately allege a basis for subject matter jurisdiction over these Defendants. (*Id.*) NJOY opposes. (ECF No. 163.)

Two initial observations are appropriate. First, the Court recognizes that these parties later reached a settlement involving a permanent injunction. (ECF No. 184.) However, subject matter jurisdiction cannot be waived, and the proposed permanent injunction is contingent upon this Court's jurisdiction. Thus, the Court will resolve the Motion for Judgment on the Pleadings notwithstanding the pending Joint Motion for Entry of Permanent Injunction and Judgment.

Second, although the Brick-and-Mortar Retailer Defendants filed their pleadings challenge under Federal Rule of Civil Procedure 12(c), the Court will apply Rule 12(b)(1) because the Motion attacks this Court's subject matter jurisdiction. *See San Luis Unit Food Producers v. United States*, 772 F. Supp. 2d 1210, 1218 (E.D. Cal. 2011) (noting the court will treat such a "motion as if it had been brought under Rule 12(b)(1)").

A party may move to dismiss a claim based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins.*

*Co. of Am.*, 511 U.S. 375, 377 (1994).  Accordingly, "[a] federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989).  "[T]he burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.

Here, the Complaint asserts two grounds for jurisdiction over the state law claim against the Brick-and-Mortar Retailer Defendants.  First, NJOY pleads there is diversity jurisdiction.  (Compl. ¶ 11, ECF No. 11.)  Second, NJOY pleads there is supplemental jurisdiction because NJOY brings a federal claim against the other Defendants for violation of the Prevent All Cigarette Trafficking Act of 2009 ("PACT Act").  (*Id.* ¶ 11; *see also id.* ¶¶ 130–35.)

The Court is not persuaded that NJOY adequately pleads diversity jurisdiction.  (*See* Compl. ¶ 11 (alleging, without any additional details, that "the amount in controversy exceeds $75,000").)  Given the record in this case, however, the Court is confident that NJOY could satisfy the amount-in-controversy requirement through an amendment to the Complaint.  (*See* ECF No. 163 at 4 n.2 (noting, based on discovery responses, that one Defendant "purchased nearly a thousand units of Elf Bar Products at $40.00 each just from January to May of 2024 alone").)  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 612 (9th Cir. 2016) ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings.").

Nevertheless, the Court need not cross that threshold because there is also supplemental jurisdiction.  Where there is original jurisdiction, the court has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  "Nonfederal claims are part of the same 'case' as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Sauk-Suiattle Indian Tribe v. City of Seattle*, 56 F.4th 1179, 1186 (9th Cir. 2022) (citation modified).

In ruling on NJOY's Motion for a Preliminary Injunction, the Court already determined supplemental jurisdiction exists. (*See* ECF No. 148 at 4 n.1 (noting the issue of subject matter jurisdiction had been raised at oral argument and finding supplemental jurisdiction exists over the claim against the Brick-and-Mortar Retailer Defendants).) The Motion for Judgment on the Pleadings addresses diversity jurisdiction, but it does not demonstrate why supplemental jurisdiction is inappropriate. (*See* ECF No. 156.) Thus, while the Motion may have merit on the issue of whether diversity jurisdiction was properly pled, the Motion does not show a lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). Therefore, the Court denies the Motion for Judgment on the Pleadings.

## PERMANENT INJUNCTION AND JUDGMENT

NJOY and the Brick-and-Mortar Retailer Defendants jointly move for entry of a permanent injunction and judgment. (ECF No. 184.) By way of background, the Court granted NJOY's request for a preliminary injunction against these Defendants. (ECF No. 148.) The Court's preliminary injunction enjoined the Brick-and-Mortar Retailer Defendants from selling Elf Bar Products and other flavored disposable vaping devices within California. (*Id.*)

Since that ruling, the parties have negotiated a resolution that involves the entry of judgment and a permanent injunction to resolve NJOY's action against the Brick-and-Mortar Retailer Defendants. (ECF No. 184.) Broadly speaking, the proposed judgment provides the same relief as the preliminary injunction, but makes the prohibition permanent. (*See* ECF No. 184-1.) The Brick-and-Mortar Retailer Defendants will be prohibited from violating the relevant California state law and, among other things, from "[s]elling or offering for sale any flavored disposable vapor product at a Retail Location in California." (*Id.* (footnotes omitted).)

The Court highlights, however, that the Joint Motion does not resolve this case. NJOY will still be pursuing relief against other Defendants. Therefore, the Court must address Federal Rule of Civil Procedure 54(b). That rule notes:

> When an action presents more than one claim for relief . . . , the court may direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims . . . does not end the action as to any of the claims . . . and may be revised at any time before the entry of a judgment adjudicating all the claims[.]

Fed. R. Civ. P. 54(b). Thus, as Rule 54(b) makes plain, "[f]inality is achieved only if the court takes each of two steps—it must make an 'express determination that there is no just reason for delay' and it also must make 'an express direction for the entry of judgment.'" *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017) (quoting 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure: Jurisdiction and Related Matters* § 3914.7 (2d ed. 1991)).

Here, the proposed judgment resolves the case between NJOY and the Brick-and-Mortar Retailer Defendants in its entirety. Further, the Court finds there is no just reason for delay in these circumstances. The Court notes that no other party lodged an opposition to the motion, which was filed on April 28, 2025. (*See* ECF No. 184.) Hence, the Court grants NJOY and the Brick-and-Mortar Retailer Defendants' Joint Motion, and the Court will direct the Clerk of Court to enter the judgment pursuant to Rule 54(b).

## LEAVE TO AMEND

The final motion before the Court arises under Federal Rule of Civil Procedure 15(a)(2). NJOY seeks leave to file a First Amended Complaint. (ECF No. 191.) NJOY attaches its proposed amended pleading and a redlined version. (ECF Nos. 191-1 to 191-2.)

"In general, a court should liberally allow a party to amend its pleading." *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (citing Fed. R. Civ. P. 15(a)); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("A district court shall grant leave to amend freely when justice so requires." (citation modified)). "Courts may decline to grant leave to amend only if there

is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc.'" *Sonoma Cty.*, 708 F.3d at 1117 (alteration in original) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

NJOY's moving papers note that the "Online Retailer Defendants and Manufacturer Defendants have not indicated their position on the Motion." (ECF No. 191.) Under this Court's Standing Order for Civil Cases, NJOY selected a hearing date of June 13, 2025. That hearing date, which was for briefing purposes only, meant any opposition to the motion had to be filed no later than May 30, 2025, under Civil Local Rule 7.1. No opposition was filed, however. Further, there is no evidence of undue delay, prejudice, or the other grounds that justify denying NJOY leave to amend. The Court thus grants NJOY's Motion for Leave to File First Amended Complaint. *See* Fed. R. Civ. P. 15(a).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** the Brick-and-Mortar Retailer Defendants' Motion for Judgment on the Pleadings (ECF No. 156). Defendants do not demonstrate this Court lacks subject matter jurisdiction.

In addition, the Court **GRANTS** NJOY and the Brick-and-Mortar Retailer Defendants' Joint Motion for Entry of Permanent Injunction and Judgment (ECF No. 184). The Clerk of Court shall enter the Judgment accompanying this Order pursuant to Federal Rule of Civil Procedure 54(b). The case will remain open.

Finally, the Court **GRANTS** NJOY's Motion for Leave to File First Amended Complaint (ECF No. 191). NJOY shall file its First Amended Complaint on the docket no later than **July 9, 2025**.

IT IS SO ORDERED.

DATED: June 25, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court